### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 6:24-cv-00498 |
| v. | COMPLAINT |
| HEART OF TEXAS GOODWILL INDUSTRIES, INC., | |
| Defendant. | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Karen Johnson ("Johnson") who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant, Heart of Texas Goodwill Industries, Inc. ("Defendant" or "Goodwill"), discriminated against Johnson by failing or refusing to hire her because of her disability and/or the need to reasonably accommodate her disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Waco Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e5(f)(1).

4. Defendant, Heart of Texas Goodwill Industries, Inc., is a 501(c)(3) non-profit Texas corporation and resale retailer headquartered in Waco, Texas.

5. At all relevant times, Defendant continuously conducted business in the State of Texas and maintained at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. At all relevant times, Defendant has continuously been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. On September 29, 2022, more than thirty days prior to the filing of this lawsuit, Johnson filed a charge of discrimination with the Commission alleging Defendant violated the ADA.

9. On January 19, 2024, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Defendant violated the ADA and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the unlawful discriminatory employment practices described in the Letter of Determination and to effect voluntary compliance with the ADA.

11. The Commission was unable to secure an acceptable conciliation agreement from Defendant.

12. On June 4, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Beginning on or around June 7, 2022, Defendant engaged in unlawful employment practices at its Killeen, Texas location in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq.*, by refusing to hire Johnson because of her disability and/or because of the need to accommodate her disability, in violation of 42 U.S.C. §§ 12112(a), (b)(1), and (5)(B).

15. Johnson is a qualified individual with a disability under §§ 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Johnson has had an impairment, deafness, which substantially limits her major life activities of hearing and speaking.

16. Defendant was aware that Johnson is a person with a disability.

17. On or around June 7, 2022, Johnson went to Defendant's Killeen, Texas location seeking employment.

18. While at the store, Johnson met with Defendant's District Manager, Tante Brown Nanton ("Nanton").

19. Nanton communicated with Johnson regarding the "Production Team Member" position and her application.

20. During this exchange, Nanton learned that Johnson was deaf.

21. Johnson discussed her application with Nanton by writing notes back and forth.

   a. Nanton informed Johnson that she was not eligible for the position because Johnson could not speak or hear.

   b. Nanton offered several reasons in an attempt to justify why hearing and speaking were job requirements.

   c. Johnson requested an accommodation, including the use her mobile phone to communicate.

   d. Nanton said phones were not allowed while employees were working.

   e. Nanton indicated that some Goodwill locations have an "Employment Specialist" who assists employees with disabilities, but the Killeen location did not have a "workforce unit."

   f. Johnson told Nanton that she had worked in a nearly identical position at another Goodwill store.

   g. Nanton indicated she would contact the Vice President of Human Resources to see what could be done by Friday, June 10, 2022.

22. A "Production Team Member's" responsibilities included accepting and logging donations, sorting donations, pricing merchandise, maintaining stock, keeping work areas clean, and relieving the cashier as needed.

4

23. Defendant's "Production Team Member" job description lists a physical requirement to "talk and/or hear."

24. At all relevant times, Johnson was qualified to perform the essential functions of a "Production Team Member" for Defendant with or without a reasonable accommodation.

25. Defendant did not ask Johnson whether she could perform the essential functions of the "Product Team Member" position with or without an accommodation.

26. Nanton never contacted the Vice President of Human Resources about Johnson's application for employment.

27. Defendant did not contact Johnson to follow up with her regarding her application or whether Defendant would be willing or able to accommodate her.

28. Defendant did not hire Johnson.

29. The effect of the practices complained of in paragraphs 14-28 has been to deprive Johnson of equal employment opportunities and to otherwise adversely affect her status as an applicant because of her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

30. The unlawful employment practices complained of in paragraphs 14-28 above were intentional.

31. The unlawful employment practices complained of in paragraphs 14-28 above were done with malice or with reckless indifference to the federally protected rights of Johnson.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it from engaging in conduct which results in discrimination because of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities that eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Johnson whole, as she was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial; and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

D.     Order Defendant to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search and out-of-pocket expenses in an amount to be determined at trial.

E.     Order Defendant to make Johnson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F.     Order Defendant to pay Johnson punitive damages for its malicious or reckless conduct described above in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully submitted,

                KARLA GILBRIDE
                General Counsel

                CHRISTOPHER LAGE
                Deputy General Counsel

                ROBERT A. CANINO
                Regional Attorney

                /s/ Adriana G. Rodriguez
                ADRIANA G. RODRIGUEZ
                Trial Attorney
                Texas State Bar No. 24071467
                E-mail: adriana.rodriguez@eeoc.gov

                ALEXA R. LANG
                Trial Attorney
                Texas State Bar No. 24105356
                E-mail: alexa.lang@eeoc.gov

                **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
                San Antonio Field Office
                5410 Fredericksburg Road, Suite 200
                San Antonio, Texas 78229-3555
                Telephone: (210) 640-7542
                Facsimile: (210) 281-7669